# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CASELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:14-CV-1338 CAS |
| v. | ) | |
| | ) | |
| GEORGIA-PACIFIC GYPSUM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER
## REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION

After due consideration of the issues and in consultation with the parties, the Court finds that this cause is appropriate for referral to an alternative form of dispute resolution as provided by the local rules of this Court.

**IT IS HEREBY ORDERED** that:

(a)    <u>Referral to ADR</u>:  This case is referred to:

Mediation.

(b)    <u>Conduct of ADR Conference(s)</u>:  The ADR conference(s) shall be conducted in accordance with the procedures outlined in E.D. Mo. Local Rules 6.01 - 6.05.

(c)    <u>Scheduling ADR Conference(s)</u>:  The ADR conference(s) shall be concluded before **July 6, 2015,** unless extended by order of the Court or by the neutral pursuant to Local Rule 6.02(A)(2).  Although ADR conferences may be conducted at any location agreed to by the parties, counsel, and the assigned neutral, the parties are advised that such conferences may be conducted in designated space on the Fifth Floor in the Thomas F. Eagleton United States Courthouse, 111 S. 10th Street, St. Louis, Missouri 63102, by making arrangements with the Office of the Clerk.

(d)     <u>Designation of Lead Counsel</u>: Mr. Jeremy D. Hollingshead is designated as lead counsel and shall be responsible for working with the parties and the neutral to coordinate an agreeable date, time, and, if necessary, location for the initial ADR conference.

(e)     <u>Responsibilities of Lead Counsel</u>:  Not later than ten (10) days from the date of this order, lead counsel shall notify the clerk of the agreed choice of neutral selected by the parties, and the date, time and location of the initial ADR conference.  (<u>See</u> Designation of Neutral/ADR Conference Report fillable form, <u>www.moed.uscourts.gov</u> >,ADR,forms).  Upon selection of the neutral, lead counsel shall send a copy of this order to the neutral.

(f)     <u>General Rules Governing ADR Conference(s)</u>: Although the ADR process is defined in detail in the Local Rules, the following additional requirements shall govern the process:

> (1)     <u>Memoranda</u>:  Not later than ten (10) days prior to the initial ADR conference, each party will provide the neutral with a memorandum presenting a summary of disputed facts and a narrative discussion of its position relative to both liability and damages.  These memoranda shall be treated as **Confidential Communications** and shall not be filed in the public record of the case nor provided to any other party or counsel.
>
> (2)     <u>Disclosure of Participants and Duty to Attend in Good Faith</u>:  Not later than ten (10) days prior to the ADR Conference, each party will provide to the opposing party, and to the neutral, a list of all persons who will participate in the ADR Conference on behalf of the party making the disclosure.  This list shall state the names of the individuals attending, and the names and general job titles of employees or agents of corporations or insurance companies who will attend ADR Conferences and participate on behalf of a corporate entity.  For early neutral evaluation conferences, all counsel of record and their clients shall attend in person unless otherwise agreed to by the parties or approved by the Court.
>
> Pursuant to Local Rule 6.02(B), all parties, counsel of record, and corporate representatives or claims professionals having authority to settle claims shall attend all mediation conferences and participate in good faith.  <u>See</u> <u>Nick v. Morgan's Foods, Inc.</u>, 99 F.Supp.2d 1056 (E.D. Mo. 2000) (finding party did not participate in ADR in good faith where it failed to file the memorandum required by paragraph (1) above and did not send a corporate representative

with authority to settle case; monetary sanctions imposed), aff'd, 270 F.3d 590 (8th Cir. 2001).

(3) Authority of the Neutral: The neutral shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives and claims professionals, to suggest alternatives, analyze issues and positions, question perceptions, stimulate negotiations, and keep order.

(4) Compliance with Deadlines: All deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead counsel **shall file a motion requesting an extension of the deadline** prior to the expiration of that deadline. Noncompliance with any deadline set herein by this Court may result in the imposition of sanctions upon the appropriate party or parties.

(g) Compensation of the Neutral: The neutral shall receive reasonable compensation for services rendered pursuant to this order, which, unless otherwise agreed by counsel, shall be borne by the parties in accordance with Local Rule 6.03(C)(1). Compensation is payable to the neutral upon the conclusion of the ADR referral.

**Nothing in this order alters the Case Management Order previously entered in this case. All deadlines set forth in the Case Management Order remain in full force and effect.**

**The Court may impose sanctions for any willful or negligent failure of a party, its representative, or counsel to comply with deadlines, proceed or participate in good faith in accordance with this order and the Alternative Dispute Resolution Procedures Manual of this Court.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th   day of May, 2015.